No. 96-691

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 1998 MT 116N

THE STATE OF MONTANA,

        Plaintiff and Respondent,

v.

CLYDE ALLEN JOHNSON,

        Defendant and Appellant.

FILED

MAY 05 1998

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William F. Hooks, Appellate Defender Office, Helena, Montana; J.G.
Shockley, Victor, Montana

    For Respondent:

        Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant
Attorney General, Helena, Montana; George H. Corn, Ravalli County
Attorney, Hamilton, Montana

Submitted on Briefs: April 8, 1998

Decided: May 5, 1998

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This is an appeal by the defendant, Clyde Allen Johnson (Johnson), from the August 21, 1996 opinion and order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to withdraw his guilty plea. We hold that the issues raised by Johnson in his appeal are moot. Therefore, we affirm.

## Background

¶3 On March 5, 1996, Johnson entered an *Alford* plea to a charge of attempted deliberate homicide and a plea of guilty to a charge of criminal endangerment in Ravalli County Cause No. CR 95-81. These pleas were entered under the terms of a March 5, 1996 written plea agreement (the plea agreement). The State had also previously charged Johnson in Ravalli County Cause No. CR 94-57 with three counts of sexual intercourse without consent. He was convicted of these charges following a jury trial on November 20 and 21, 1995, and this conviction has been affirmed on appeal to this Court. State v. Johnson, 1998 MT 107, ____ P.2d ____, 55 St. Rep. ____.

¶4 As part of the plea agreement, the State agreed to recommend certain sentences

2

covering both Johnson's pleas in Cause No. CR 95-81 and his conviction in Cause No. CR 94-57. Specifically, the plea agreement, in pertinent part, provided for a recommendation of imprisonment as follows:

| | |
|---|---|
| **Sexual Intercourse Without Consent** | **20 years** |
| **(In Cause No. CR 94-57)** | |
| **Persistent Felony Offender** | **30 years** |
| **Criminal Endangerment (1 Count)** | **10 years** |
| **Re Tom Stanley, Janet Stanley and** | |
| **Don Porter** | |
| **Weapon Enhancement** | **10 years** |
| **Attempted Deliberate Homicide** | |
| **(1 Count) re Marlene Porter** | **20 years** |
| **Weapon Enhancement** | <u>**10 years**</u> |

**To run consecutively for a total of 100 years**
**with 20 years of said term suspended**

**The Defendant will be denied parole eligibility and participation in the supervised release program until he has served 20 years in Montana State Prison.**

¶5　At the sentencing hearing the State and defense counsel recommended that the trial court sentence Johnson in accordance with the plea agreement. The court sentenced Johnson to a term of 20 years in the state prison on each of the three charges of sexual intercourse without consent, to be served concurrently, with a parole restriction requiring the entire sentence to be served. The court also imposed terms of 10 years imprisonment on the criminal endangerment charge, 20 years imprisonment on the attempted deliberate homicide charge, and an additional 10 years on each count for use of a weapon. The court designated Johnson as a persistent felony offender and enhanced the sentence with an additional term

3

of 30 years imprisonment. The court then imposed an additional restriction on parole eligibility:

> I will separately require, in regard to the Criminal Endangerment and Attempted Deliberate Homicide sentencing [Cause No. CR 95-81], that you serve 20 years without parole; that to be served concurrently with the parole restriction on Sexual Intercourse Without Consent [Cause No. CR 94-57].
>
> The Court's intent there is that I understand you may be appealing the Sexual Intercourse Without Consent conviction. The Court's intent is that even if that conviction should be overturned by some turn of fate, you will still be serve [sic] 20 years without parole in regard to this particular offense.

The sentences imposed for the shooting incident [Cause No. CR 95-81] were to be served consecutively, for a total of 100 years in prison, with 20 years suspended. Johnson is ineligible for parole for 20 years.

¶6     Johnson objected to the parole restriction, and, ultimately, moved to withdraw his guilty plea in Cause No. CR 95-81 on the ground that it was his understanding when he signed the plea agreement that the parole restriction in the plea agreement would not apply in Cause No. CR 94-57. Specifically, Johnson contended that it was his belief that if his conviction for sexual intercourse without consent in Cause No. 94-57 was overturned on appeal, then the whole sentence would be reconsidered, and that if the plea agreement was interpreted to provide otherwise, then he had entered into it upon a fundamental mistake or misunderstanding as to the consequences of the agreement. The trial court disagreed and denied Johnson's motion to withdraw his guilty plea, concluding that the terms of the plea agreement were clear and unambiguous and that Johnson's claimed belief to the contrary was simply a "panic" reaction to what he in fact knew all along. This appeal followed.

4

## Discussion

¶7 On appeal Johnson argues that the District Court erred and abused its discretion when it denied his motion to withdraw his guilty plea and that the court failed to adequately interrogate and advise him prior to the entry of his plea in Cause No. CR 95-81. He also contends that his guilty plea was entered upon a fundamental mistake or misunderstanding as to the application of the parole restriction. We conclude, however, that we need not address Johnson's substantive arguments.

¶8 The underlying basis for Johnson's appeal is his claimed understanding that the plea agreement required reconsideration of the parole restriction imposed as part of the sentence in Cause No. CR 95-81, if his conviction of certain other charges included under the plea agreement--specifically the sexual intercourse without consent charges in Cause No. CR 94-57--was overturned on appeal.

¶9 As indicated above, however, we have affirmed Johnson's conviction of the sexual intercourse without consent charges in Cause No. CR 94-57. Accordingly, the issues which he raises on appeal are effectively moot. Regardless of Johnson's belief, he will have to serve a minimum of 20 years before he is parole eligible whether or not the 20-year parole restriction attaches to the sentence imposed in Cause No. CR 94-57 or Cause No. CR 95-81.

¶10 Affirmed.

_____
Justice

5

We Concur:

_____
Chief Justice

_____

_____

_____
Justices